[No. B046252. Second Dist., Div. Six. Dec. 13, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD DAVID WOHL, Defendant and Appellant.

**COUNSEL**

Wendy C. Lascher, under appointment by the Court of Appeal, and Matthew P. Guasco for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Mark Alan Hart and Frederick Grab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—Vehicle Code section 23175, as amended in 1988 and effective January 1, 1989, provides that a person who is convicted of drunk

driving within seven years of three or more previous offenses may be convicted of a felony. Prior to the effective date of the amendment to Vehicle Code section 23175, a fourth drunk driving could only be charged and punished as a misdemeanor.

Here we hold that a defendant may be charged with a felony under Vehicle Code section 23175 even though the convictions for the three prior offenses occurred before the amendment making the fourth offense a felony. Such use of the prior convictions does not violate the ex post facto clauses of the United States and California Constitutions.

Richard David Wohl appeals his felony conviction pursuant to a plea of guilty to one count of driving under the influence. (Veh. Code, § 23152, subd. (a).) Wohl admitted three previous misdemeanor drunk driving offenses that occurred in May of 1983, December of 1986 and August of 1987.

## DISCUSSION

We disagree with Wohl's contention that use of his prior convictions to make the instant offense a felony violates the ex post facto clauses of the United States and California Constitutions. (U.S. Const., art. I, § 9, cl. 3; Cal. Const., art. I, § 9.)[1]

■ In order for a law to be ex post facto, "[I]t must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." (*Weaver* v. *Graham* (1981) 450 U.S. 24, 29 [67 L.Ed.2d 17, 23, 101 S.Ct. 960].)

■ In *People* v. *Sweet* (1989) 207 Cal.App.3d 78 [254 Cal.Rptr. 567], the defendant's drunk driving sentence was enhanced by the use of prior convictions entered within seven years of the offense. At the time the prior convictions were entered the maximum period of use for that purpose was five years. We upheld the enhanced sentence against the defendant's ex post facto challenge stating that, "a statute does not function retroactively 'merely because it draws upon facts antecedent to its enactment for its operation. [Citation.]' " (*Id*. at p. 83.)

■ Wohl seeks to distinguish *Sweet* because there the prior convictions were used only to enhance the misdemeanor sentence, whereas here the prior convictions are an element of the crime of felony drunk driving. Wohl

---

[1] Because we find Wohl's appeal has no merit we need not discuss his failure to comply with Penal Code section 1237.5 requiring that the defendant file as part of his notice of appeal a statement under penalty of perjury showing reasonable grounds going to the legality of the proceedings.

reasons that unlike an enhancement, the instant law violated the ex post facto clause because there was a "'. . . change in the ingredients of the offense . . . .'" (Quoting *Miller* v. *Florida* (1987) 482 U.S. 423, 433 [96 L.Ed.2d 351, 362, 107 S.Ct. 2446].)

Assuming for the sake of argument that the prior convictions are an element of the offense, we can find no change in its ingredients. At the time Wohl was arrested for the instant offense the law provided that it could be charged and punished as a felony because of his prior convictions. The same ingredients of the offense existed at the time he committed the crime as existed at the time he was convicted of it.

Wohl cites *Miller* v. *Florida, supra,* 482 U.S. at page 430 [96 L.Ed.2d at page 360] for the proposition that, "A law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" (Quoting *Weaver* v. *Graham, supra,* 450 U.S. at p. 31 [67 L.Ed.2d at p. 24].) *Miller* was concerned with sentencing guidelines that were revised after the defendant committed the crime. The court held that application of the revised guidelines to the defendant violated the ex post facto clause.

Similarly in *Weaver* the court held that a statute restricting the amount of conduct credits a prisoner could earn could not be applied to prisoners whose crime was committed before the statute's effective date. In contrast, here the act for which Wohl was convicted was not completed until his fourth violation of the drunk driving statutes, well after the effective date of the amendment making the fourth conviction a felony. Unlike the statute in *Weaver,* the statute here does not punish beyond what was prescribed when the crime was committed. Wohl had control over his own destiny. The statute was not retrospective because it gave him fair notice of the consequences of his behavior after the statute was enacted.

This case is similar to *Ex Parte Gutierrez* (1873) 45 Cal. 429, a case whose vintage does not detract from its vitality. There, after the defendant had been convicted of petit theft, a misdemeanor, a statute was enacted making a second such conviction a felony. The defendant was held to answer for a felony on a second charge of petit theft that allegedly occurred after the enactment of the felony statute. The court rejected his contention that the use of a prior conviction entered before the enactment of the felony statute violated the ex post facto clause, stating that the act for which the defendant was punished was only the act done after the statute took effect. (*Id.* at p. 432.)

■ Nor do we find merit in Wohl's contention that the use of the priors violates the due process clause. Wohl makes this contention because he was

not advised of the potential felony consequences at the time he plead to the priors.

Before accepting a plea of guilty the court must advise the defendant of the direct consequences of the plea, but is not required to advise the defendant of the collateral consequences. (*People* v. *Flores* (1974) 38 Cal.App.3d 484, 487 [113 Cal.Rptr. 272].) A collateral consequence is one which does not "inexorably follow" from a conviction of the crime. (*Id.* at p. 488.)

A felony drunk driving charge does not inexorably follow from a plea of guilty to even a third misdemeanor drunk driving within seven years; it takes a fourth offense within seven years in order for the defendant to be convicted of a felony.

Wohl concedes that an increased misdemeanor penalty for subsequent offenses is a collateral consequence of which the defendant need not be warned. (*Carter* v. *Municipal Court* (1983) 149 Cal.App.3d 184, 190 [196 Cal.Rptr. 751].) But again he seeks to distinguish the instant case on the basis that here the priors were used not merely to increase a penalty, but as an element of the crime of drunk driving. We fail to see how the use of priors as an element of a crime is any less a collateral use than the use of priors to enhance a sentence.

Wohl relies on the concurring opinion of Mr. Justice Marshall in *Baldasar* v. *Illinois* (1980) 446 U.S. 222, 224-229 [64 L.Ed.2d 169, 172-176, 100 S.Ct. 1585]. There a defendant who neither waived nor was assisted by counsel was convicted of petit theft. The court in a per curiam opinion held that the uncounseled petit theft conviction could not be used to raise the status of a subsequent petit theft to a felony. Wohl cites a statement in the concurring opinion that "[The sentence petitioner received] was imposed as a direct consequence of that uncounseled conviction . . . ." (*Id.* at p. 227 [64 L.Ed.2d at p. 174].)

Contrary to Wohl's contention there is nothing in *Baldasar* to indicate that the prior conviction was by plea. The facts state only that the defendant was convicted. The case does not concern the type of advice that must be given to a defendant before a plea of guilty is accepted; the case only concerns the use of a prior conviction obtained against a defendant who had neither waived nor was provided with an attorney. If the concurring opinion speaks of the sentence as being a direct consequence of the prior conviction, it also states "that petitioner's prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction." (446 U.S. at p. 226 [64 L.Ed.2d at pp. 173-174].) *Baldasar* is inapposite.

█ Wohl contends that his due process rights were violated in that by pleading to the prior offenses he unknowingly lessened the burden of proof in the instant case. We disagree. The prosecution's burden here was to prove three prior convictions within seven years. Nothing about Wohl's plea to those priors lessened the burden of proving them as an element of the instant offense.

The judgment is affirmed.

Stone (S. J.), P. J., and Abbe, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied March 13, 1991.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.