[No. B198662. Second Dist., Div. Six. Nov. 8, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JASON MICHAEL FORRESTER, Defendant and Appellant.

**COUNSEL**

Law Offices of Tony Marlow, Anthony J. Marlow and Midori Hill Feldman for Defendant and Appellant.

Gerald T. Shea, District Attorney, and Kathleen Philpot Secrest, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—In *People v. Sweet* (1989) 207 Cal.App.3d 78 [254 Cal.Rptr. 567] (*Sweet*), the defendant pled guilty to driving under the influence of alcohol (DUI). At the time of his plea, a defendant convicted of a subsequent DUI offense within five years received increased punishment. After Sweet's plea, the Legislature amended the statute to extend the five years to seven years. Sweet reoffended more than five but less than seven years later. In *Sweet*, we held that the statute may constitutionally be applied to prior DUI convictions entered when five years was the maximum period in which prior convictions could be used for increased sentences. (*Id.* at p. 83.)

Jason Michael Forrester is in a similar predicament. The statute was again amended to extend the seven years to 10 years. (Veh. Code, §§ 23540, 23546.)[1] Faced with the seemingly insuperable *Sweet* precedent, Forrester asks us to reexamine our holding in light of *Stogner v. California* (2003) 539 U.S. 607 [156 L.Ed.2d 544, 123 S.Ct. 2446]. We have, and conclude nothing has changed. Forrester's enhanced sentence does not violate ex post facto or due process principles. We affirm the judgment.

*Factual and Procedural Background*

Forrester suffered two DUI convictions, one in 1997 and another in 2001. In 1997, sections 23540 and 23546 provided that DUI-related convictions increase punishment for subsequent DUI convictions occurring within seven years. Effective January 1, 2005, the California Legislature amended these statutes to extend the period to 10 years.[2]

In March 2006, Forrester was again charged with DUI offenses. (§ 23152, subds. (a), (b).) The People alleged his two prior convictions to enhance his sentence.

Forrester moved to strike his prior 1997 conviction. He argues, as did defendant Sweet, that to enhance his sentence with this prior conviction violates the ex post facto clause. The trial court denied the motion and Forrester pled no contest to a violation of section 23152, subdivision (b), and

---

[1] All statutory references are to the Vehicle Code.

[2] Section 23540 currently provides in part: "If a person is convicted of a violation of Section 23152 and the offense occurred within 10 years of a separate violation of Section 23103, as specified in Section 23103.5, 23152, or 23153, that resulted in a conviction, that person shall be punished by imprisonment in the county jail for not less than 90 days nor more than one year and by a fine of not less than . . . ($390) nor more than . . . ($1,000)." Section 23546 provides for additional punishment if a person has two prior qualifying convictions (e.g., "wet reckless" driving convictions).

admitted the two prior convictions. He was sentenced to confinement in county jail. The trial court stayed execution of his sentence pending appeal and granted him a certificate of probable cause.

The appellate division of the superior court affirmed. It concluded that use of the 1997 prior conviction to enhance Forrester's sentence does not violate ex post facto principles. We granted Forrester's request to transfer the case here for resolution of the constitutional issues.

### Ex Post Facto Clause and Due Process

█ Forrester acknowledges our analysis in *Sweet* and other precedent. Ex post facto laws (1) criminalize formerly innocent actions after their commission; (2) aggravate a crime after its commission; (3) increase the punishment associated with the crime after its commission; or (4) alter the legal rules of evidence required to convict the offender. (*Miller v. Florida* (1987) 482 U.S. 423, 429 [96 L.Ed.2d 351, 107 S.Ct. 2446]; *Sweet, supra,* 207 Cal.App.3d at p. 82.) █ "Statutes enacting punishment for a defendant convicted of violating section 23152 with prior convictions do not have the effect of being ex post facto laws. [Citation.] It is the law in effect at the time of commission of the offense which controls. [Citations.]" (*Sweet,* at pp. 82–83.)

In 2006, when Forrester committed the current DUI offense, the law provided that an individual with prior section 23103.5 convictions within the last 10 years would be subject to enhanced punishment if convicted of violating section 23152, subdivision (a). (§§ 23540, 23546, 23550.) "There is no constitutional bar preventing application of the statute to later offenses solely because the prior conviction which serves as a basis for enhancement was committed before the habitual offender statute was enacted." (*Sweet, supra,* 207 Cal.App.3d at p. 83.) The crime Forrester is punished for is not the prior conviction, "but the subsequent offense of which the prior conviction constitutes only one element. [Citation.]" (*Ibid.*)

█ Courts have routinely rejected ex post facto challenges to statutes that increase penalties for recidivism. Courts reason that the sentence imposed upon a habitual offender is not an additional punishment for the earlier crime, but a punishment for the later crime, which is aggravated because of its repetitive nature. (See, e.g., *Gryger v. Burke* (1948) 334 U.S. 728, 732 [92 L.Ed. 1683, 68 S.Ct. 1256]; *People v. Snook* (1997) 16 Cal.4th 1210, 1221 [69 Cal.Rptr.2d 615, 947 P.2d 808]; *People v. Eribarne* (2004) 124 Cal.App.4th 1463, 1469 [22 Cal.Rptr.3d 417] [three strikes law]; *People v. Wohl* (1990) 226 Cal.App.3d 270, 273 [276 Cal.Rptr. 35] [rejecting ex post facto contention where DUI conviction is elevated to felony on fourth conviction].) Additionally, it is well established that even expungement of a

conviction will not eliminate all consequences associated with that conviction. (*People v. Jacob* (1985) 174 Cal.App.3d 1166, 1173 [220 Cal.Rptr. 520].)

Forrester argues that *Sweet* is no longer good law because *Stogner v. California, supra*, 539 U.S. 607, compels a different result. In *Stogner*, the State of California attempted to revive the statute of limitations for the crime of child molestation after the original statute of limitations had expired. The United States Supreme Court held that California was barred from doing so because the new statute of limitations attached criminal liability " 'where the party was not, by law, liable to any *punishment.*' " (*Id.* at p. 613, some italics omitted.)

The appellate division correctly noted the difference between reviving a prosecution in its entirety after the statute of limitations has run, and enhancing the sentence in a *new* criminal prosecution stemming from *new* criminal conduct. Here Forrester's prosecution stems from a law that became effective more than one year before the date of his arrest, and one that apprised him of the possible consequences of a new violation. Unlike Stogner, Forrester has not been charged with a crime for which the statute of limitations has run. He has not been deprived of a "vested defense" because the statute extending the maximum period of prior offenses was enacted before the current offense. (See *Sweet, supra*, 207 Cal.App.3d at pp. 82, 86.)

### *Violation of Forrester's 1997 Plea Agreement and Estoppel*

Forrester next contends that the plea agreement he signed in 1997 is a contract in which the district attorney promised he would receive an enhanced sentence only for DUI offenses committed within seven years. He relies on language in the plea form stating that the court and counsel advised him of the elements of the offense, the possible defenses, and the direct consequences of his plea, including the minimum and maximum sentences listed on a chart appearing on the second page of the plea form. A chart lists the penalties for DUI convictions effective January 1, 1994, depending upon the number of prior DUI offenses committed within the previous seven years. The chart simply provides information concerning the relevant law at that time. No language in the plea agreement, nor any evidence supports the contention that Forrester relied on the information in the chart in entering his plea. Nor would such reliance have been reasonable.

For these reasons, there is no merit to Forrester's contention the state is estopped from using his 1997 conviction. (See *Hair v. State of California* (1991) 2 Cal.App.4th 321, 328–329 [2 Cal.Rptr.2d 871].)

The judgment is affirmed.

Yegan, J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 20, 2008, S159176.