[No. G038824. Fourth Dist., Div. Three. June 3, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL DEAN TREADWAY, Defendant and Appellant.

## COUNSEL

Law Office of Barry T. Simons, Barry T. Simons and Ronald L. Moore for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steve Oetting, Robin Derman and Emily R. Hanks, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOORE, J.**—Defendant Michael Dean Treadway (defendant) was sentenced pursuant to Vehicle Code section 23550 for suffering a fourth drunk driving conviction within a 10-year period.[1] He appeals from the order overruling his demurrer and denying his motion to strike prior conviction. Section 23550 was amended in 2004 to extend the "look-back" period pertaining to prior convictions from the seven-year period formerly in effect to the 10-year period currently in effect. Defendant claims that current section 23550, as applied to him, constitutes an ex post facto law, and violates both his due process rights and the principles of estoppel. These arguments are based on the fact that the oldest of his four offenses was more than seven, although less than 10, years old at the time the amended statute went into effect.

Although defendant acknowledges that there are two cases almost precisely on point, i.e., *People v. Sweet* (1989) 207 Cal.App.3d 78 [254 Cal.Rptr. 567] and *People v. Forrester* (2007) 156 Cal.App.4th 1021 [67 Cal.Rptr.3d 740], he observes that both of those cases were written by the same court, and says that they were wrongly decided. Defendant contends that they are contrary to the Supreme Court precedent of *Stogner v. California* (2003) 539 U.S. 607 [156 L.Ed.2d 544, 123 S.Ct. 2446]. We disagree with defendant's assertions. Nothing in *Stogner v. California, supra,* 539 U.S. 607, which addressed an expired statute of limitations, casts doubt on either *People v. Sweet, supra,* 207 Cal.App.3d 78 or *People v. Forrester, supra,* 156 Cal.App.4th 1021, neither of which pertained to a revival of an expired statute of limitations. *People v. Sweet, supra,* 207 Cal.App.3d 78 and *People v. Forrester, supra,* 156 Cal.App.4th 1021 remain good law. We grant defendant's request for judicial notice, but reject his substantive arguments, and affirm.

---

[1] All subsequent statutory references are to the Vehicle Code unless otherwise expressly provided.

I

## FACTS

Defendant was arrested for drunk driving on September 10, 2005. The Orange County District Attorney thereafter filed a five-count felony complaint alleging defendant (1) violated section 23152, subdivision (a), driving under the influence of alcohol, and pursuant to section 23550, committed the offense within 10 years of three prior convictions; (2) violated section 23152, subdivision (b), driving with a blood-alcohol content of at least 0.08 percent, and pursuant to section 23550, committed the offense within 10 years of three prior convictions; (3) violated section 14601.2, subdivision (a), driving on a suspended license; (4) violated section 31, providing false information to a peace officer; and (5) violated Penal Code section 148.9, subdivision (a), falsely representing identity to a peace officer. It was further alleged, pursuant to section 23578, that defendant's blood-alcohol concentration exceeded 0.20 percent, and, pursuant to section 23577, subdivision (a)(5) and section 23578, that defendant willfully and unlawfully refused to submit to a chemical test. In addition, the complaint alleged three prior convictions: (1) an August 6, 1998 conviction in *People v. Treadway* (Super. Ct. Orange County, 1998, No. 98SM41824) arising out of a violation of section 23152, subdivisions (a) and (b); (2) an August 6, 1998 conviction in *People v. Treadway* (Super. Ct. Orange County, 1998, No. 98SM44303) arising out of a violation of section 23152, subdivision (a); and (3) an August 14, 2003 conviction in *People v. Treadway* (Super. Ct. Orange County, 2003, No. 02SM04138) arising out of a violation of section 23152, subdivisions (a) and (b).

Defendant filed a demurrer and motion to dismiss prior allegation, an amended demurrer and motion to dismiss prior allegation, and an amended demurrer and motion to strike prior allegation. He asserted that at least one of the August 6, 1998 convictions arose out of a violation occurring on December 8, 1997, and that the application of the 10-year look-back provision of section 23550 to include that prior conviction constituted the application of an ex post facto law, an impairment of contract, and a violation of due process of law. In addition, he argued that the doctrine of estoppel barred the application of the 10-year look-back provision. The court overruled the demurrer.

Defendant pleaded guilty to each of the charges and admitted all of the enhancements, including the three prior convictions. He did not, however, waive his right to appeal, and the court issued a certificate of probable cause.

On May 4, 2006, the court sentenced defendant to 365 days in the Santa Ana Jail, 180 days of which would be stayed on the condition he spend 180 days in a sober living facility. Defendant was also sentenced to 3 years' formal probation, the payment of certain fines, and a four-year driver's license revocation. Defendant appeals.

II

## DISCUSSION

### A. *REQUEST FOR JUDICIAL NOTICE:*

As a preliminary matter, we address defendant's pending request for judicial notice. Defendant requests that we take notice of his guilty plea form in the matter of *People v. Treadway* (Super. Ct. Orange County, 1998, No. 98SM41824). The People have filed no opposition. The request is granted. (Evid. Code, § 452, subd. (d).)

### B. *SUBSTANTIVE ISSUES:*

#### (1) *Introduction—*

Vehicle Code section 23550 provides: "(a) If a person is convicted of a violation of Section 23152 and the offense occurred within 10 years of three or more separate violations of Section 23103, as specified in Section 23103.5, or Section 23152 or 23153, or any combination thereof, that resulted in convictions, that person shall be punished by imprisonment in the state prison, or in a county jail for not less than 180 days nor more than one year, and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000). The person's privilege to operate a motor vehicle shall be revoked by the Department of Motor Vehicles pursuant to paragraph (7) of subdivision (a) of Section 13352. The court shall require the person to surrender the driver's license to the court in accordance with Section 13550. [¶] (b) A person convicted of a violation of Section 23152 punishable under this section shall be designated as a habitual traffic offender for a period of three years, subsequent to the conviction. The person shall be advised of this designation pursuant to subdivision (b) of Section 13350."

A former version of the statute contained a seven-year look-back period with respect to the prior convictions, but the period was extended to 10 years when the statute was amended in 2004. (Stats. 2004, ch. 550, § 15.) Defendant contends that under the former version of the statute, the disability arising from his December 8, 1997 offense expired in December 2004, which was

before the effective date of the amendment. Consequently, to impose punishment under current section 23550 by including his December 8, 1997 offense as one of the three prior convictions would be a violation of the prohibition against ex post facto laws, of his due process rights, and of his plea bargain agreement with respect to that first conviction.

(2) *Case law—*

Defendant concedes that *People v. Sweet, supra,* 207 Cal.App.3d 78 and *People v. Forrester, supra,* 156 Cal.App.4th 1021 have already addressed, under very similar circumstances, the question of whether a statutory amendment extending a look-back period constitutes an unconstitutional ex post facto law, a due process violation, or a violation of a plea bargain agreement. However, defendant contends that these cases were erroneously decided, particularly in light of the Supreme Court decision in *Stogner v. California, supra,* 539 U.S. 607.

In *People v. Sweet, supra,* 207 Cal.App.3d 78, the court, addressing several former Vehicle Code provisions, considered whether "a statute which increases punishment on a new drunk driving conviction where the defendant has incurred prior convictions for that offense within seven years [could] be applied to prior convictions entered when five years was the maximum period in which prior convictions could be used for that purpose[.]" (*Id.* at p. 81.) The court stated that the statute could be so applied, without constituting an ex post facto law, or violating either the defendants' due process rights or the terms of their plea bargains. (*Id.* at pp. 82–83, 85–87.)

The *Sweet* court explained: "Statutes enacting punishment for a defendant convicted of violating section 23152 with prior convictions do not have the effect of being ex post facto laws. [Citation.] It is the law in effect at the time of commission of the offense which controls. [Citations.] Both section 23152 and the enhancement statutes . . . were in force before appellants' present convictions and apprised them of the possible consequences of a new violation. [Citation.] Without their acts *after* passage of the new legislation, the enhanced punishment of these statutes would not come into play. [Citations.] [¶] Consequently, crimes for which appellants are punished are not the earlier convictions, but the subsequent offense of which the prior conviction constitutes only one element. [Citation.] The sentence imposed upon an habitual offender is not an additional punishment for the earlier crime, but 'a stiffened penalty for the latest crime,' which is considered aggravated because of its repetitive nature. [Citations.]" (*People v. Sweet, supra,* 207 Cal.App.3d at pp. 82–83.)

In addition, the *Sweet* court noted that the plea records showed that the five-year period was mentioned "in the context of the general advisement of possible penalties which could be imposed," that is to say, that the "[a]ppellants were informed of the 'habitual offender' ramifications," and that neither the plea forms nor the docket entries indicated that the appellants entered "their pleas in reliance upon their ability to commit future crimes after five years without having their then current offenses come back to haunt them . . . . [Citation.]" (*People v. Sweet, supra*, 207 Cal.App.3d at p. 85.) The court also rejected the notion that the appellants had a vested right to rely on the five-year look-back period as in effect at the time of their prior convictions and stated that it found "no fundamental unfairness in subjecting them to the increased period in which a court could consider their prior convictions so long as that extended period was enacted before the current offense." (*Id.* at p. 86.) Put another way, "[s]ince the ultimate punishment imposed is for the new offense, so long as the statute considering one's status as a repeat offender is in force at the time of the subsequent crime the offender is on constructive notice that habitual offenders face aggravated penalties and there is no due process violation. [Citation.]" (*Id.* at p. 87.)

Defendant insists that *People v. Sweet, supra*, 207 Cal.App.3d 78 was wrongly decided. He maintains that *Stogner v. California, supra*, 539 U.S. 607 is the controlling authority and that it unveils faulty reasoning in *People v. Sweet, supra*, 207 Cal.App.3d 78.

In *Stogner v. California, supra*, 539 U.S. 607, the Supreme Court described four categories of ex post facto laws: " '1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. *2d. Every law that aggravates a crime, or makes it greater than it was, when committed.* 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. *4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.* All these, and similar laws, are manifestly unjust and oppressive.' [Citation.]" (*Id.* at p. 612.)

The court in *Stogner v. California, supra*, 539 U.S. 607, held that a California statute violated the constitutional prohibition against ex post facto laws (U.S. Const., art. I, § 10, cl. 1). (*Stogner v. California, supra*, 539 U.S. at p. 609.) The statute in question permitted the prosecution of certain sex-related child abuse crimes when the statute of limitations on those crimes had already expired, provided the victim had reported the abuse to the police,

certain corroborating evidence had been obtained, and the prosecution had begun within a year of the report to the police. (*Ibid.*) The court held that the statute fell into the second category of ex post facto laws described above. The court explained that the second category applies to a statute that " 'inflict[s] *punishments,* where the party was not, by *law,* liable to *any punishment . . . .*' " (*Id.* at p. 613.) It further explained that, in the case before it, after the statute of limitations had expired, the defendant was not subject to punishment, but that the new statute made the crime " 'greater than it was, when committed,' in the sense that, and to the extent that, it 'inflicted punishment' for past criminal conduct that (when the new law was enacted) did not trigger any such liability. [Citation.]" (*Ibid.*)

The *Stogner* court also said that the California statute might fall within the fourth category of ex post facto laws as well. (*Stogner v. California, supra,* 539 U.S. at p. 615.) It stated that "a statute of limitations reflects a legislative judgment that, after a certain time, no quantum of evidence is sufficient to convict. [Citation.]" (*Ibid.*) "Consequently, to resurrect a prosecution after the relevant statute of limitations has expired is to eliminate a currently existing conclusive presumption forbidding prosecution, and thereby to permit conviction on a quantum of evidence where that quantum, at the time the new law is enacted, would have been legally insufficient. And, in that sense, the new law would 'violate' previous evidence-related legal rules by authorizing the courts to ' "receiv[e] evidence . . . which the courts of justice would not [previously have] admit[ted]" ' as sufficient proof of a crime [citation]." (*Id.* at p. 616.)

Defendant contends that *Stogner v. California, supra,* 539 U.S. 607 dictates the outcome in the case before us, because the seven-year look-back period in effect at the time of his first offense was, in essence, a statute of limitations. That is to say, once the seven-year period expired, that conviction could no longer be used against him as a prior conviction. The extended 10-year look-back period, he says, fell into the second and fourth categories of ex post facto laws as described in *Stogner.* Thus, application of the 10-year look-back period to his first offense would be a violation of the prohibition against ex post facto laws.

■ This argument was rejected in *People v. Forrester, supra,* 156 Cal.App.4th 1021. The defendant in that case also argued that *People v. Sweet, supra,* 207 Cal.App.3d 78 was no longer good law after *Stogner v. California, supra,* 539 U.S. 607. However, the *Forrester* court, construing section 23540, reaffirmed the principles of *People v. Sweet, supra,* 207 Cal.App.3d 78. (*People v. Forrester, supra,* 156 Cal.App.4th at p. 1023.) It noted that there is a "difference between reviving a prosecution in its entirety after the statute of

limitations has run, and enhancing the sentence in a *new* criminal prosecution stemming from *new* criminal conduct." (*Id.* at p. 1025.) The *Forrester* court further explained: "Here [the defendant's] prosecution stems from a law that became effective more than one year before the date of his arrest, and one that apprised him of the possible consequences of a new violation. Unlike Stogner, [the defendant] has not been charged with a crime for which the statute of limitations has run. He has not been deprived of a 'vested defense' because the statute extending the maximum period of prior offenses was enacted before the current offense. [Citation.]" (*Ibid.*)

█ *People v. Sweet, supra,* 207 Cal.App.3d 78 and *People v. Forrester, supra,* 156 Cal.App.4th 1021 are dispositive of the outcome of this case. (See also *People v. Wohl* (1990) 226 Cal.App.3d 270 [276 Cal.Rptr. 35].) Here, defendant is not being punished for the 1997 offense; he is being punished for the 2005 offense. He was not convicted for the 1997 offense based on a quantum of evidence that would have been insufficient before section 23550 was amended; he was long ago convicted of that offense. Simply put, defendant committed a new crime in 2005, after the 10-year look-back period of section 23550 had come into effect. He was on notice of the law and the fact that, if he committed a new crime, all of his prior convictions within 10 years would be counted for the purposes of the statute.

In an effort to wriggle out of the application of the 10-year provision, defendant says that "[w]hile it is true that all citizens are on constructive notice of all changes in the law and that ignorance of the law is no defense, [he] received actual notice of the seven years of priorability attached to his 1997 offense when he read his guilty plea form . . . ." The guilty plea form stated, in paragraph 6 thereof: "I understand that if I am charged and convicted of a similar offense in the future that the plea of guilty/nolo contendere I now enter may be used to increase my punishment, the consequences of which have been explained to me on page[s] 3 and 4 of this form." Attached as pages 3 and 4 of the form was a chart providing a synopsis of certain then-current Vehicle Code provisions affecting the length of sentence for habitual offenders. As stated in *People v. Forrester, supra,* 156 Cal.App.4th 1021: "The chart simply provide[d] information concerning the relevant law at that time. No language in the plea agreement, nor any evidence supports the contention that [defendant] relied on the information in the chart in entering his plea. Nor would such reliance have been reasonable." (*Id.* at p. 1025.) Indeed, defendant has made no assertion that it was represented to him that the Legislature would never change any of the laws pertaining to the sentencing of habitual offenders.

## III

## DISPOSITION

The request for judicial notice is granted. The judgment is affirmed.

Sills, P. J., and O'Leary, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 20, 2008, S165084.