Filed 1/12/15  P. v. Rouss CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B258104 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA019562 ) |
| v. | |
| WILLIAM HENRY ROUSS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, William Henry Rouss, appeals from the denial of his Penal Code section 1170.126 resentencing petition on ineligibility grounds. The petition was denied because his current conviction is for first degree burglary, a serious felony. (Pen. Code, §§ 1170.126, subd. (e)(1), 1192.7, subd. (c)(18).) We affirm.

We appointed counsel to represent defendant on this appeal. After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On September 15, 2014, we advised defendant he had 30 days within which to personally submit any contentions or arguments he wished us to consider.

On October 2, 2014, defendant filed an addendum to the opening brief in which he has raised several contentions. Defendant argues, "The actual Prop 21 initiative and its language is unambiguous, and has established that the freeze date for the three-strikes law changed. As a result, crimes added to § 1192.7(c) (for purposes of three strikes), do not apply to those who committed their crime before the date of the Prop 21 initiative." This contention is unintelligible and frivolous. No ex post facto issue is present. (*People v. Eribarne* (2004) 124 Cal.App.4th 1463, 1469; see *People v. Forrester* (2007) 156 Cal.App.4th 1021, 1024.) Defendant also argues that he has been denied equal protection. This contention is meritless. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 178-179; *People v. Nguyen* (1997) 54 Cal.App.4th 705, 713.) Finally, defendant raises a due process challenge. Nothing about his indeterminate sentence violates any aspect of due process of law. (*In re Large* (2007) 41 Cal.4th 538, 550; *People v.*

*Edwards* (2002) 97 Cal.App.4th 161, 164-165.)  We have examined the entire record and are satisfied appointed appellate counsel has fully complied with his responsibilities.

The order denying the resentencing petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


KRIEGLER, J.