Filed 5/22/15  P. v. Belton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CECIL BELTON,<br><br>    Defendant and Appellant. | C074917<br><br>(Super. Ct. No. 13F04095) |

Defendant Cecil Belton entered a plea of no contest to failing to register annually as a sex offender.  (Pen. Code, §§ 290.012, 290.018.)[1]  In entering his plea, defendant reserved the right to contest on appeal the requirement that he register as a sex offender. The trial court assured defendant he could do so and agreed to issue a certificate of probable cause.  The court suspended imposition of sentence and granted defendant probation for a term of five years.

---

[1]    Undesignated statutory references are to the Penal Code.

1

Defendant appeals. The trial court granted defendant's request for a certificate of probable cause. (§ 1237.5.) Defendant contends the sex offender registration requirement as applied to him violates ex post facto principles.

We requested supplemental briefing on "whether the trial court's assurance that it would issue a certificate of probable cause that would allow defendant to appeal the issue of the requirement of sex offender registration was an improper inducement for defendant's plea which entitles defendant to an opportunity to withdraw his plea." (See correspondence, letter dated June 3, 2014) Having received briefing on the issue, we conclude remand is required to allow defendant an opportunity to withdraw his plea.

FACTS

In 1983, defendant was convicted of felony sexual battery. (Former § 243.4, subd. (a); Stats. 1982, ch. 1111, § 1, p. 4024.) At the time, mandatory sex offender registration was not required for his offense because it was not listed in former section 290 (Stats. 1979, ch. 944, § 8, pp. 3254-3255). Effective January 1995, section 290 was amended to add sexual battery under section 243.4 as an offense requiring mandatory registration. (Stats. 1994, ch. 867, § 2.7, pp. 4389-4390.) The amendment applies retroactively: "The registration provisions of the Act are applicable to every person described in the Act, without regard to when his or her crime or crimes were committed or his or her duty to register pursuant to the Act arose, and to every offense described in the Act, regardless of when it was committed." (§ 290.023.)

The one-count information charged defendant with committing a felony violation of failing to register "[o]n or about and between May 15, 2013, and June 30, 3013" having previously been convicted in 1983 in California of a felony violation of section 243.4, "and thereby *being a person required to register under Section 290*, did willfully violate a registration requirement of Section 290 in that the defendant failed to register annually within five working days of the defendant's birthday . . . ." (Italics added.)

2

At the entry of plea hearing, defense counsel stated the terms of the plea, that is, defendant would enter a plea of no contest, "reserv[ing] the right to appeal the issue of the legal requirement that [defendant] register pursuant to Section 290" based upon his 1983 sexual battery conviction. The court stated defendant's reservation would be noted and it would grant defendant a certificate of probable cause. The prosecutor offered five years probation with 160 days in county jail. After the prosecutor stated the factual basis for the plea, the court queried whether defendant understood the charge. Defendant replied, "I never understood. Because when I took this plea thirty years ago, I never had to register." The court explained the registration requirement applied to old convictions. Defendant stated that if the law changed, then he should be allowed to "change [his] mind and take back [his] plea," he "never had a chance" to do so, and he would never have entered his plea had he known about registration. The court commented there were no grounds to allow defendant to withdraw his 1983 plea. Defense counsel stated, "That's why we're appealing it, to change the law." Defendant stated he understood the charge and the terms of the deal. The court advised defendant that upon release, unless there was a stay, defendant was required to register. Defendant stated he understood. Defendant entered his plea of no contest to failing to register and also stated he "disagree[d] with the law." Immediately thereafter, the court accepted the plea and granted probation, stating it "agree[d]" to issue a certificate of probable cause "on the registration issue."

In his request for a certificate of probable cause, defendant stated he entered a plea to failing to register but had reserved the right to appeal the registration requirement for his 1983 sexual battery conviction, stating he believed the requirement was unconstitutional under the state and federal constitutions as violating ex post facto principles. The court granted defendant's request for the certificate.

DISCUSSION

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

"Matters cognizable on appeal following a guilty [or no contest] plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' *resulting in the plea*. [Citations.] Under section 1237.5, 'Other than search and seizure issues which are specifically made reviewable by section 1538.5, subdivision (m), all errors arising prior to entry of a guilty plea are waived, except those which question the jurisdiction or legality of the proceedings *resulting in the plea.*' [Citations.] 'The reason for this rule is that "a plea of guilty admits all matters essential to the conviction." ' [Citations.]" (*People v. LaJocies* (1981) 119 Cal.App.3d 947, 956 (*LaJocies*), italics added.)

As in *LaJocies*, defendant here does not raise any errors in the proceedings below that resulted in his no contest plea to failing to register. (*LaJocies, supra,* 119 Cal.App.3d at p. 957.) Instead, defendant contends the mandatory registration requirement (to which he has been subject since 1995 for his 1983 offense) is unconstitutional as applied to him. However, his no contest plea " 'operated to remove such issues from consideration as a plea of [no contest] admits all matters essential to the conviction.' [Citation.] Consequently, these issues are simply not cognizable on the present appeal, *whether or not defendant obtained a certificate of probable cause.*' " (*LaJocies, supra,* 119 Cal.App.3d at p. 957, italics added.) Even though defendant

4

obtained a certificate of probable cause, defendant is barred from claiming he did not commit the offense of failing to register because a no contest plea "waives any right to raise questions regarding the evidence," "constitutes an admission of every element of the offense charged[,] constitutes a conclusive admission of guilt" and "*concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt.*" (*People v. Turner* (1985) 171 Cal.App.3d 116, 125, italics added.)

Defendant asserts his constitutional challenge has been preserved because he obtained a certificate of probable cause, relying upon *People v. Forrester* (2007) 156 Cal.App.4th 1021 (*Forrester*) and *People v. Treadway* (2008) 163 Cal.App.4th 689 (*Treadway*). Neither *Forrester* nor *Treadway* is of any assistance to defendant. *Forrester* concerned increased punishment for the defendant's current offense due to a change in the law. The defendant challenged the enhancement of his current sentence due to his driving under the influence priors. (*Forrester*, at pp. 1023-1025.) *Treadway* concerned the same issue. (*Treadway*, at pp. 692-698.) The issue here is *not* enhancement of defendant's current sentence or increased punishment for defendant's current offense. (See *People v. Castellanos* (1999) 21 Cal.4th 785, 796 [sex offender registration is regulatory in purpose and effect and is not punishment for purposes of ex post facto analysis].)

Defendant's reliance upon *People v. Borland* (1996) 50 Cal.App.4th 124 (*Borland*) is likewise misplaced. Defendant claims *Borland* dismissed the appeal because the defendant had failed to obtain a certificate of probable cause to raise an ex post facto claim. The *Borland* court dismissed the appeal on several procedural grounds including estoppel by plea, failure to object to an asserted defect in the charging date, changing his theory on appeal, and the lack of a certificate of probable cause. (*Id.* at pp. 126-129.) *Borland* did not discuss whether the defendant was barred from raising the issue even assuming he had obtained a certificate of probable cause. The issue *here* is whether

5

defendant is barred from raising the issue notwithstanding the issuance of the certificate of probable cause. "Cases are not authority for propositions they do not consider." (*People v. Martinez* (2000) 22 Cal.4th 106, 118.) *Borland* is of no assistance to defendant. Notwithstanding the plea agreement reserved defendant's right to challenge the sex offender registration requirement on appeal, defendant waived, for purposes of appeal, the very issue the parties and the trial court agreed defendant could pursue on appeal. A trial court's representation that an issue is appealable does not confer appellate jurisdiction (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1361) and the issuance of a certificate of probable cause does not operate to expand the grounds upon which an appeal may be taken. (*LaJocies, supra,* 119 Cal.App.3d at pp. 957-958.) The trial court's promise (as well as defense counsel's and the prosecutor's by way of omitting to correct the error) of appellate rights was illusory. It "was improper for the trial court to approve the negotiated plea bargain purporting to provide the otherwise illusory right of appeal." (*People v. Lee* (1980) 100 Cal.App.3d 715, 718.) Defendant's plea reflects he was induced by the promise he would obtain a certificate of probable cause in order to challenge the constitutionality of the sex offender registration requirement on appeal. "Where a [no-contest] plea . . . has been improperly induced by unenforceable promises that issues have been preserved for appeal, the defendant . . . is entitled to an opportunity to withdraw the plea." (*Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 792; *People v. Truman* (1992) 6 Cal.App.4th 1816, 1820-1821.) Thus, the judgment based upon the plea must be reversed and the matter must be remanded to allow defendant an opportunity to withdraw his plea in this case if he so chooses. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896 ["judgment must be reversed because defendants' pleas were induced by misrepresentations of a fundamental nature"]; *People v. Hollins* (1993) 15 Cal.App.4th 567, 574-575 [illusory promise of appealability constituted improper inducement for defendant's plea].)

6

DISPOSITION

The case is remanded to the trial court with instructions to allow defendant an opportunity to withdraw his plea. If defendant does not withdraw his plea within 45 days of issuance of the remittitur, the judgment is affirmed.

                                        HOCH          , J.

We concur:

      HULL      , Acting P. J.

      MURRAY  , J.