[No. A049704. First Dist., Div. Two. Apr. 23, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN CLAIRE, Defendant and Appellant.

COUNSEL

Patricia L. Watkins, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Violet M. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PETERSON, J.**—Appellant contends two of his four prior convictions were improperly used to increase his sentence for drunk driving, because

the prosecutor failed during prior plea proceedings to state facts indicating appellant's intoxication on previous occasions. We reject this contention and affirm.

## I.  FACTS AND PROCEDURAL HISTORY

Appellant was charged with drunk driving, and with having recently suffered three or more prior convictions for similar conduct. (Veh. Code,[1] §§ 23152, subd. (a); 23175, subd. (a).) It was also alleged that appellant had refused to submit to testing for alcohol intoxication, and had been driving while his license had been suspended and revoked for driving under the influence of alcohol.

Appellant ultimately entered a plea of guilty, and did not dispute the prosecution's position that two of the prior convictions could properly be used to increase his sentence. He also admitted he suffered two other priors, but reserved his right to challenge their use for these purposes, on the grounds that the prosecutor at the time of appellant's guilty pleas to those charges did not state facts for the record indicating appellant had been abusing alcohol at the time of the offense.

The trial court ruled the two priors in question could properly be used to increase the sentence. Appellant timely appealed.

## II.  DISCUSSION

■ The only issue on appeal is whether the trial court correctly ruled the two challenged prior convictions for reckless driving could properly be used to increase the sentence. We affirm the ruling of the trial court since appellant was specifically warned at the time of the prior plea proceedings that the convictions would be so used.

The governing statute here is section 23103.5. This section governs attempts to plea-bargain a charge of driving under the influence of alcohol, in violation of section 23152, into a simple reckless driving charge under section 23103. Section 23103.5 provides, in pertinent part: "(a) When the prosecution agrees to a plea of guilty or nolo contendere to a charge of a violation of Section 23103 [reckless driving] in satisfaction of, or as a substitute for, an original charge of a violation of Section 23152 [driving under the influence], the prosecution shall state for the record a factual basis for the satisfaction or substitution, including whether or not there had been consumption of any alcoholic beverage . . . . The statement shall set forth

---

[1] Unless otherwise indicated, all subsequent statutory references are to the Vehicle Code.

the facts which show whether or not there was a consumption of any alcoholic beverage . . . in connection with the offense. [¶] (b) The court shall advise the defendant, prior to the acceptance of the plea . . . , of the consequences of a conviction . . . as set forth in subdivision (c). [¶] (c) If the court accepts the defendant's plea . . . and the prosecutor's statement under subdivision (a) states that there was consumption of any alcoholic beverage . . . , the resulting conviction shall be a prior offense for the purposes of Section . . . 23175 [relating to enhanced punishment for those with three or more prior offenses within the past seven years] . . . ."

■ Thus, section 23103.5, enacted in 1981 as part of a comprehensive strengthening of the penalties for drunk driving, closes a former loophole which had allowed repeat drunk drivers to avoid the increased penalties for recidivism by pleading guilty to reckless driving rather than drunk driving. When a drunk driving charge is reduced to a " 'wet reckless' " driving charge under section 23103.5, the resulting conviction is the same as one of drunk driving for purposes of the penalties imposed upon recidivists.[2]

■ Appellant admits the two convictions in issue here were wet reckless pleas, in the sense that he pleaded guilty to reckless driving after the prosecutor reduced drunk driving charges to reckless driving charges pursuant to section 23103.5. However, raising an inventive if hypertechnical issue of apparent first impression, he contends the prosecutor's failure at the time of the plea to orally state the facts tending to prove intoxication means that this particular type of wet reckless conviction cannot be used to increase his sentence. We disagree.

Where as here the defendant is properly advised of the consequences of a plea to a wet reckless charge, the resulting conviction may be used for the purpose of enhancing subsequent penalties for recidivism, despite the prosecutor's failure to orate such words as "breath test," "objective symptoms," or "odor of alcohol" in the factual statement which section 23103.5 specifies.

In *Pollack* v. *Department of Motor Vehicles* (1985) 38 Cal.3d 367, 374 [211 Cal.Rptr. 748, 696 P.2d 141], our Supreme Court aptly analyzed the statutory scheme in issue here as follows: "In 1981, the Legislature effected a comprehensive reorganization of the Vehicle Code. These 1981 amendments amended and reenacted most of the code provisions relating to driving under the influence of intoxicating liquor and drugs. This legislation was evidently prompted by increasing public concern over the problem of

---

[2]The parties in their briefs use the common term "wet reckless" to signify a reckless driving plea under section 23103.5. For the sake of convenience, we adopt this sodden terminology.

intoxicated drivers. [Citation.] In general terms, the amended statutes made it more difficult to avoid a criminal conviction for the offense of driving under the influence and increased the criminal penalties to be imposed upon conviction. [Citation.] The ability of the courts to avoid imposition of mandatory jail sentences and fines was restricted. [Citation.] In addition, more stringent mandatory probation provisions were imposed. [Citation.] Throughout these amendments, the Legislature's attempt to banish intoxicated drivers from our highways is obvious."

In accord with this general plan, section 23103.5 makes it more difficult to avoid a drunk driving charge by pleading to reckless driving; for purposes of the punishment for recidivists, a wet reckless conviction under section 23103.5 is equivalent to a conviction for drunk driving under section 23152. (See, e.g., *Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1306, fn. 8 [276 Cal.Rptr. 49, 801 P.2d 292] ["Contrary to defendant's assertion, the prior driving-under-the-influence conviction charged in such a proceeding is not an 'element' of the new violation, but rather an enhancement factor."]; *Pitman* v. *City of Oakland* (1988) 197 Cal.App.3d 1037, 1041, fn. 2 [243 Cal.Rptr. 306]; cf. *People* v. *Wohl* (1990) 226 Cal.App.3d 270 [276 Cal.Rptr. 35].)

The trial court ruled that the prosecutor's failure to orally state facts showing intoxication in the two plea proceedings in question did not preclude the use of those convictions as priors, since in fact appellant received the full benefit of his plea bargain; further, he was explicitly warned in writing that the convictions would be used as priors upon subsequent conviction: "It seems to me the purpose of that [section 23103.5] provision is not so a defendant can come into court later where they've been totally apprised that this is validly an alcohol related offense, and say, uh-huh, the District Attorney failed to put on the record and tell the judge, in compliance with subdivision [(a)], that this offense is alcohol related. I don't think that's necessary. I think you have to read these statutes in a common sense manner. And based upon the information that's [been] brought to my attention, I think my duty is . . . to use some common sense in interpreting what your client was apprised of and whether or not he was validly convicted of a [section] 23103.5 alcohol related offense. [¶] I find that he was[,] based upon the totality of circumstances, specifically Exhibits 4 and 5 [which are plea documents signed by appellant indicating he was informed the convictions would be used as priors upon a subsequent conviction]. And I find that there was substantial compliance with that statute based upon the balance of the exhibits which I have seen, which bring to my attention in no uncertain terms that your client was well aware of what he plead[ed] to. And I find that he plead[ed] to a [section] 23103/23103.5 alcohol related offense as exhibited in [Exhibits] 4 and 5 . . . . [¶] [Appellant's Counsel:] That's a

finding of guilt on the priors, correct? [¶] The Court: Yes. [¶] [Appellant's Counsel:] Okay. This is an issue I think of some merit. Well, we're prepared for sentence now. [¶] The Court: Okay. I . . . know that you want to go somewhere with it and I'm going to give you time to do that. [¶] [Appellant's Counsel:] Thank you. I've spoken to . . . the DA about that and [an appeal] might resolve a lot of matters in the future."

The legislative history of section 23103.5 supports the trial court's ruling.[3] The relevant Conference Committee Report contains a legislative analysis which aptly summarizes the purpose of the statute: "The author points out that the main purpose of the bill is to address abuses associated with current practices of reducing drunk driving charges to reckless driving through plea bargaining. The overwhelming majority of reckless driving convictions result from drunk driving charges which are reduced through plea bargaining. Under current [i.e., pre-1981] law, reckless driving does not count as a prior for purposes of enhancing penalties for a subsequent DUI conviction." (Conf. Com. Rep. on Assem. Bill No. 348, No. 019894 (1981-1982 Reg. Sess.) p. 3.)

Thus, the purpose of the statute is to ensure that a conviction of reckless driving under section 23103 following a plea to that crime—in exchange for dismissal of pending drunk driving charges under section 23152—will, if the defendant is given fair warning of this fact, "count as a prior . . . ." That is exactly the situation here, and appellant was specifically warned that his plea under section 23103.5 could be used to increase the penalty for a subsequent offense.[4] Appellant received the full benefit of the protections which section 23103.5 provides to defendants—the clear and explicit warning mandated by subdivision (b) that the conviction may be used against the defendant in the future.

It is true that there was no explicit oral compliance with subdivision (a) of section 23103.5, which apparently directs the prosecutor to relate some summary of the facts regarding the defendant's use of alcohol. However, appellant made no such objection at the time of those plea proceedings; he never contended that in fact he had not been drinking, so that the use of the 23103.5 procedure would be improper. He further acknowledged that the convictions would be used to increase any subsequent sentence.

---

[3] At the Attorney General's request, we have previously taken judicial notice of the Enrolled Bill Report and the Conference Committee Report for Assembly Bill No. 348, which became section 23103.5. (Evid. Code, § 459.)

[4] Further, it is obvious that the records of the previous charges include written, though not oral, statements by the prosecutor which would lead one to conclude appellant was intoxicated at the time: The charges stated appellant had been driving while intoxicated and had also assaulted a victim.

Of course, if appellant had made an objection at the time of the prior plea proceeding, the prosecutor could easily have cured the asserted error by some pithy description of the appellant's condition at the time of the arrests. (Cf. *People* v. *Dorsey* (1974) 43 Cal.App.3d 953, 960 [118 Cal.Rptr. 362] ["This oversight obviously could have been remedied if appellant's counsel had objected on that specific ground; his failure to do so should prevent his asserting this ground on appeal."].) Under these circumstances, it would be an idle formalism to hold that the public interest in removing drunk drivers from the highways may be frustrated by a prior prosecutorial omission which appellant did not object to at the time, and from which he suffered no ascertainable prejudice.

The purpose of the directive of section 23103.5, subdivision (a), that the prosecutor state the facts of intoxication for the record—as opposed to the purpose of the warning mandated by subdivision (b), which appellant in fact received, is to make it evident to the court and the public that the prosecutor is in fact engaging in the practice of plea bargaining a drunk driving charge down to a reckless driving charge. These purposes were adequately served here by the prosecutor's invocation of section 23103.5 in both plea proceedings: This clearly and unambiguously communicated, by citation to the relevant statute, what was taking place.

We also find support for the trial court's ruling by analogy to authority arising from similar prosecutorial missteps during plea proceedings. For instance, in *People* v. *Cardoza* (1984) 161 Cal.App.3d 40, 42 [207 Cal.Rptr. 388], Justice Rouse of this court (Division Two) analyzed a similar statutory scheme under Penal Code section 1192.6, subdivision (c), which required that, if the prosecutor at the time of the defendant's guilty plea made a recommendation for a sentence to be imposed by the court, the prosecutor should state for the record the specific reasons for the recommendation. We held that this provision was enacted to protect the people of the state, and not criminal defendants; it was designed to make prosecutors liable for their actions. We rejected the claims of one defendant that the prosecutor's failure prejudiced him: "Therefore, we reject defendant's argument that disclosure by the prosecutor could have resulted in a more favorable . . . sentence." (*Id.* at p. 45, fn. 4.) We affirmed the convictions; however, we also remanded to the trial court to allow the prosecutor to state the reasons for the plea bargain, so that the public interest served by the statute could be met. (*Id.* at p. 46.) We did not address a question raised by later cases— whether the defendant is in fact estopped to assert the error, or has waived it by failure to timely object at the time of the plea; but we certainly did not vacate the convictions because of the prosecutorial omissions. Thus, we reached a result that, in the context of the particular case before us, protected the public interest which the statute served.

In *People* v. *Webb* (1986) 186 Cal.App.3d 401 [230 Cal.Rptr. 755], the Third District examined a similar situation. Relying in part upon our decision in *Cardoza*, the Third District held the purpose of a statutory directive that the prosecutor state reasons at the time of acceptance of a plea bargain by the court is to protect the public from lazy or inefficient prosecutors, not to benefit a criminal defendant. "Consequently, the only question in such a case is whether the party challenging the bargain should be estopped from challenging it. . . . Since [the section] was not intended for the defendant's benefit, no public policy precludes estopping the defendant from using that section as a shield after consenting to the acceptance of a plea bargain. For these reasons a defendant who enters into a plea bargain is estopped from later attacking his conviction on the ground that it violated [the section]." (*Id.* at p. 412.)

In *People* v. *Gonzales* (1986) 188 Cal.App.3d 586 [233 Cal.Rptr. 204], the Fifth District also built upon our decision in *Cardoza* and the Third District's decision in *Webb*. "This language from *Cardoza* logically leads into a discussion of appellant's lack of standing to raise the issue of violation of [Penal Code] sections 1192.6 and 1192.7. *Cardoza* traces the statutory history of this legislation and concludes that the provisions of section 1192.6 were intended by the Legislature to protect the public interest in vigorous prosecution of the accused, the imposition of appropriate punishment, the protection of the victims of crime, and to assure accountability by requiring public officials to disclose the basis of their actions. Thus, section 1192.6 was designed to benefit the public and not defendants. . . . [¶] Further, appellant did not raise the error in the trial court, thus giving the trial court an opportunity to correct it. A defendant is precluded from raising an error for the first time on appeal where there has been an opportunity to object to the error below and a defendant has failed to avail himself of the opportunity. [Citations.]" (*Id.* at p. 590.)

Thus, the relevant case law decided under analogous circumstances indicates the defendant may not challenge the validity of a conviction based upon the prosecutor's failure to state reasons at the time of the defendant's plea. Here, the appellant was informed and acknowledged that each conviction could be used as a prior in the event of subsequent convictions, in accord with section 23103.5. This warning certainly satisfied the requirements of due process and was an integral part of the plea bargain procedure, the benefits of which appellant accepted. (Cf. *People* v. *Wohl*, *supra*, 226 Cal.App.3d at pp. 274-276 [The use of prior drunk driving convictions to increase the penalty for a subsequent conviction does not violate due process, even though the defendant was *not* warned of this fact at the time of the prior plea proceedings.])

Appellant clearly was not prejudiced in any way by the prosecutor's failure to state reasons. Appellant does not seek, and would not be aided at all by, a remand to have the prosecutor on the prior charges state what those reasons were; and given the lapse of time since those convictions, such a remand would serve no purpose in protecting the public interest.

Of course, we do not at all approve of the prosecutor's failure to explicitly comply with the statute at the time of the prior plea proceedings and convictions in question. However, this is not a direct appeal from those convictions; in any event, everyone who was concerned at the time clearly knew what was transpiring. Prosecutors, defense counsel, and trial courts should certainly remain vigilant to ensure that the statutory directive is complied with in section 23103.5 plea proceedings; but no public purpose would be served here by granting a windfall to appellant, simply because the prosecutor did not again publicly accuse appellant of having driven under the influence of intoxicating liquor, in commentary during the plea proceedings.

Therefore, it was appropriate for the trial court to conclude the prior convictions in question could be used to protect the public from the danger posed by habitually drunk drivers such as appellant, despite the prosecutor's omission. (Cf. *People* v. *Harner* (1989) 213 Cal.App.3d 1400, 1408-1410 [262 Cal.Rptr. 422].) Further, "We are confident that . . . this opinion will increase the awareness of such [government] officials of their duties and lead to increased compliance with the statutory requirements." (*Id.* at p. 1410.)

III.  DISPOSITION

The judgment of conviction is affirmed.

Smith, Acting P. J., and Benson, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 1, 1991.