STATE of Wisconsin, Plaintiff-Respondent,

v.

Stanley W. PUCHACZ, Defendant-Appellant.

Court of Appeals

*No. 2009AP840–CR. Submitted on briefs November 13, 2009.
—Decided January 20, 2010.*

2010 WI App 30

(Also reported in 780 N.W.2d 536.)

742

On behalf of the defendant-appellant, the cause was submitted on the brief of *Michael M. Hayes* of *Hayes & Rothstein, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. Stanley W. Puchacz appeals from a judgment convicting him of operating a motor vehicle while under the influence of alcohol (OWI) and with a prohibited alcohol concentration (PAC), both as fifth offenses. Puchacz argues that the circuit court erred when it denied his motion to strike three of his four prior OWI offenses, all from Michigan, so they could not be used for sentence enhancement. We do not agree. Puchacz additionally argues that the circuit court erred in denying his motion to suppress all evidence obtained as a result of the traffic stop. Again, we do not agree. We affirm.

¶ 2. At the bail hearing, the court addressed Puchacz's motion to strike his prior Michigan offenses. In denying the motion, the court explained:

> I've reviewed the motion to strike prior offenses, compared that, I read the State's position on it. I might also add that I've had occasion to read the Michigan statute on several occasions . . . . And I am truly convinced that

the statute falls within the purview set by Wisconsin Supreme Court for counting it as similar offenses, and I'll deny the motion.

¶ 3.   Thereafter, the court scheduled and held a hearing on Puchacz's motion to suppress. Officer Christopher Erickson of the Port Washington police department testified. Erickson stated that on June 23, 2007, at approximately 9:20 p.m., he was heading southbound on Wisconsin Street near Beutel Road in the city of Port Washington when he observed a red Pontiac with Michigan license plates operating in front of his squad. He continued to follow the vehicle approximately eight-tenths of a mile to Kane Street. In that time, he noticed the vehicle veer toward the center line, correct itself and then veer toward the parking lane and correct itself; it did this about three times. When it neared Kane Street, he noticed the vehicle cross over the center line. Based on these observations, Erickson stopped the vehicle.

¶ 4.   At the time of the traffic stop, an eighteen-year-old high school intern, Blake Evenson, was riding along with Officer Erickson; he also testified at the hearing. He said that the vehicle driven by Puchacz "tended to swerve a little bit from side to side." He did not see Puchacz's vehicle strike the center line. From his observations, Puchacz's vehicle deviated about two feet, two to three times. On cross-examination, he said he did not remember if Puchacz's vehicle actually crossed the center line, "[b]ut it may have touched it. I'm not exactly sure. Because I wasn't paying attention to the middle line of the road." He said it appeared as though the vehicle was making sudden or abrupt corrections so as not to go into oncoming traffic. He further explained that

Officer Erickson asked me, did you see that too? And I said yes, I saw the swerving. He said, I think I'm going to

744

pull him over. And I said, because of the swerving that just happened? He said yes. And then we pulled him over.

¶ 5.   At the close of the hearing, the trial court denied the motion. The court stated, "[C]learly there wasn't a lot of evidence in this case in terms of bad driving." The court further explained:

> And I can only summarize it as thus. Mr. Evenson [the intern], based on his training and experience, and what he said he saw would not have been justified in pulling that car over, but he's not the one that pulled it over. The person that pulled it over was the officer who saw what he saw and testified as to those facts. And yeah, in light of both, this is a close case, but I don't think that it rises to the level of a constitutional violation, and I do find that there was reasonable suspicion to pull the vehicle over, and that's the test. And I'll deny the motion.

¶ 6.   Thereafter, Puchacz was convicted after a court trial at which the parties stipulated to the court's review of police reports, transcripts of motion hearings, hygiene lab reports, and Puchacz's Michigan driving record.[1] Puchacz appeals, arguing that the circuit court erred in denying his motions.

---

[1] It appears that Puchacz has not included a transcript of his trial or sentencing in the appellate record. The "Court Record Events for 2007CF000190 in Ozaukee County," available on Wisconsin Circuit Court Access (WCCA) at http://www.wicourts.gov, indicates that a court trial was held on March 16, 2009, and relates the following:

> State by Sandy Williams, Def in person and by Atty Michael Hayes. Counsel stipulate to Court's review of police reports, transcripts of motion hearings, hygiene lab report and Michigan driving record. Based upon review, Court finds defendant guilty of operating a motor vehicle while under the influence and of operating a motor vehicle with a PAC of .02 or more. State takes no position as to

¶ 7. We first address Puchacz's motion-to-strike argument. Puchacz argues that the trial court should have granted his motion to strike three of his Michigan convictions because they were under subsection (3) of MICHIGAN COMP. LAWS ANN. § 257.625 (West 2009). He argues that MICHIGAN COMP. LAWS ANN. § 257.625(3) is not in conformity with WIS. STAT. § 346.63(1)(a) or (b) (2007–08).[2] MICHIGAN COMP. LAWS ANN. § 257.625 provides in pertinent part:

> Offenses involving operation of vehicle while under influence of alcoholic liquor or controlled substance or visibly impaired due to consumption of alcoholic liquor or controlled substance . . . .

> Sec. 625. (1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means either of the following applies:

> (a) The person is under the influence of alcoholic liquor, a controlled substance, or a combination of alcoholic liquor and a controlled substance.

> (b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine . . . .

> . . . .

---

sentencing, statement by Atty Hayes, statements by family members and defendant. Court renders sentence. Atty Hayes files Notice of Intent and motion to stay pending appeal; Court signs order, Def to continue on bail pending appeal.

NOTE: Atty Hayes to notify the Court, in writing and by Wed March 18, 2009, as to whether or not he will file Notice of Appeal.

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

(3) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state when, due to the consumption of alcoholic liquor, a controlled substance, or a combination of alcoholic liquor and a controlled substance, the person's ability to operate the vehicle is visibly impaired. If a person is charged with violating subsection (1), a finding of guilty under this subsection may be rendered.

¶ 8. The State submits that a Michigan conviction under Michigan Comp. Laws Ann. § 257.625(3) is countable in Wisconsin under Wis. Stat. § 343.307(1). The State further asserts that there is no requirement that—to be counted as a prior offense in Wisconsin—an out-of-state conviction must be for violating a statute that is in "conformity" with Wisconsin law, other than as required in § 343.307(1)(d).

¶ 9. The issue of whether the Michigan convictions may be considered for sentencing purposes involves the interpretation and application of statutes to undisputed facts, which are questions of law that we review independently of the circuit court's determinations. *See State v. White*, 177 Wis. 2d 121, 124, 501 N.W.2d 463 (Ct. App. 1993).

¶ 10. Again, Puchacz challenges the circuit court's counting of three of his Michigan convictions on the grounds that since they were convictions under Michigan Comp. Laws Ann. § 257.625(3), the operating-while-visibly-impaired provision, they cannot be counted as prior convictions because Wisconsin has no comparable statutory provisions.

¶ 11. We do not agree. Wisconsin Stat. § 343.307(1) sets forth the criteria used to determine whether prior conduct may be used to calculate a defendant's prior drunk driving convictions. Section 343.307(1)(d) includes as prior convictions:

> Convictions under the law of another jurisdiction that prohibits a person from refusing chemical *testing or* using a motor vehicle while intoxicated or under the influence of a controlled substance or controlled substance analog, or a combination thereof; with an excess or specified range of alcohol concentration; while under the influence of any drug to a degree that renders the person incapable of safely driving; or while having a detectable amount of a restricted controlled substance in his or her blood, as those or substantially similar terms are used in that jurisdiction's laws.

¶ 12. The final phrase of Wis. Stat. § 343.307(1)(d), "as those or substantially similar terms are used in that jurisdiction's laws," indicates the broad scope of para. (d). *State v. List*, 2004 WI App 230, ¶ 8, 277 Wis. 2d 836, 691 N.W.2d 366. When determining a penalty, Wisconsin even counts prior offenses committed in states with OWI statutes that differ significantly from our own. *Id.* (citing *White*, 177 Wis. 2d at 125, holding that though Minnesota's OWI statute required proof of elements not contained in Wisconsin's OWI statute, the statute did not preclude counting a Minnesota conviction when calculating the severity of the penalty). "Substantially similar" simply emphasizes that the out-of-state statute need only prohibit conduct similar to the list of prohibited conduct in § 343.307(1)(d). This understanding comports with the policy choice of our legislature. Counting offenses committed in other states effectuates the purposes of the drunk driving laws generally. *List*, 277 Wis. 2d 836,

¶ 11; *State v. Neitzel*, 95 Wis. 2d 191, 193, 289 N.W.2d 828 (1980) ("Because the clear policy of the statute is to facilitate the identification of drunken drivers and their removal from the highways, the statute must be construed to further the legislative purpose.").

¶ 13.    Applying this broad interpretation and application of the final phrase in WIS. STAT. § 343.307(1)(d) and the public policy supporting our drunk driving laws, we conclude that Puchacz's Michigan convictions are countable under Wisconsin law. Michigan's drunk driving law that Puchacz was convicted under on three occasions prohibits the operation of a motor vehicle when, due to the consumption of alcohol, the motorist's ability to operate a motor vehicle is visibly impaired. *See* MICHIGAN COMP. LAWS ANN. § 257.625(3). This prohibited conduct is similar to the type listed in § 343.307(1)(d) (permitting the consideration of convictions under an out-of-state law that prohibits a person from operating while under the influence of an intoxicant and while under the influence of any drug to a degree that renders the person incapable of driving safely). The statute applies to Puchacz's situation. The circuit court properly counted Puchacz's Michigan convictions.

¶ 14.    We turn now to Puchacz's second argument that the circuit court erred in denying his motion to suppress because Officer Erickson did not have reasonable suspicion to perform a stop. Whether there is probable cause or reasonable suspicion to stop a vehicle is a question of constitutional fact. *State v. Popke*, 2009 WI 37, ¶ 10, 317 Wis. 2d 118, 765 N.W.2d 569. A finding of constitutional fact consists of the circuit court's findings of historical fact, which we review under the

"clearly erroneous standard," and the application of these historical facts to constitutional principles, which we review de novo. *Id.*

¶ 15.    Puchacz mainly relies on *State v. Post*, 2007 WI 60, 301 Wis. 2d 1, 733 N.W.2d 634, and claims

> it would be contrary to the spirit of the *Post* decision to conclude that traveling once over the center line, in addition to slight deviation over a distance of over 4000 feet, would provide an officer with an articulable reasonable suspicion of wrongdoing and thus entitle the officer to stop the vehicle.

Puchacz ignores the supreme court's recent *Popke* decision, which is not only more on point than *Post*, but clarifies the *Post* holding.

¶ 16.    The State, on the other hand, is on target in maintaining that, under *Popke*, when Officer Erickson observed Puchacz crossing over the center line, he had probable cause to believe that Puchacz had committed a traffic violation. And this, therefore, justified pulling over Puchacz. The relevant statute is WIS. STAT. § 346.05, which reads in pertinent part:

> **Vehicles to be driven on right side of roadway; exceptions. (1)** Upon all roadways of sufficient width the operator of a vehicle shall drive on the right half of the roadway and in the right-hand lane of a 3–lane highway, except:
>
>   (a) When making an approach for a left turn under circumstances in which the rules relating to left turns require driving on the left half of the roadway; or
>
>   (b) When overtaking and passing under circumstances in which the rules relating to overtaking and passing permit or require driving on the left half of the roadway; or

(c) When the right half of the roadway is closed to traffic while under construction or repair; or

(d) When overtaking and passing pedestrians, animals or obstructions on the right half of the roadway; or

(e) When driving in a particular lane in accordance with signs or markers designating such lane for traffic moving in a particular direction or at designated speeds; or

(f) When the roadway has been designated and posted for one-way traffic, subject, however, to the rule stated in sub. (3) relative to slow moving vehicles.

¶ 17. In *Popke*, the arresting officer testified that the defendant initially turned within the correct lane of traffic, but he then "swerved" into the left lane. *Popke*, 317 Wis. 2d 118, ¶ 4. Three-quarters of the defendant's vehicle was left of the center of the road. *Id.* The defendant then moved back into the proper northbound lane but "overcompensated" and, as a result, "almost hit the curb" on the right-hand side of the road. *Id.* The defendant's vehicle then began to "fade back" towards the middle of the road and "nearly struck th[e] median." *Id.* The officer made these observations as the vehicle traveled approximately one block. *Id.*, ¶ 5. These observations led the officer to activate his emergency lights and initiate a stop of the defendant's vehicle one block later. *Id.*, ¶ 5. The circuit court concluded that the officer had probable cause to stop for a violation of WIS. STAT. § 346.05. *Popke*, 317 Wis. 2d 118, ¶ 7. The court of appeals reversed "because the defendant crossed the center of the road only 'momentarily.' " *Id.*, ¶ 8. However, the supreme court reversed the court of

appeals, concluding that even a momentary crossing of the center line was sufficient for probable cause for a traffic stop. *Id.*, ¶¶ 17–18.

¶ 18.   Here, in arguing the motion to suppress, the prosecutor pointed out that Officer Erickson had testified that he observed Puchacz's car cross the center line and that this itself was sufficient for a valid stop. The court made clear that it believed Erickson's testimony and, to the extent that there was any discrepancy between the testimony of Erickson and the intern, the court relied on the testimony of Erickson. It was not error for the circuit court to do so; the other testimony was from an eighteen-year-old high school intern who, unlike Erickson, was an untrained observer. Further, contrary to what Puchacz contends, the testimonies of the intern and Erickson were not conflicting. The intern did not testify that Puchacz's vehicle did *not* cross the center line; he stated that he did not remember it crossing the center line, that it may have touched the center line and that he was not sure because he "wasn't paying attention to the middle line of the road." This does not conflict with Erickson's testimony that he saw Puchacz cross the center line.

¶ 19.   Trying hard to make his case, Puchacz submits that neither Officer Erickson nor the intern testified that any other motorist, parked car, or oncoming vehicle was endangered, and that Erickson did not testify about how far over the center line Puchacz's vehicle travelled. Again, this is not determinative because, under *Popke*, even a momentary incursion into the oncoming lane, that does not affect other vehicles or drivers, is sufficient to provide probable cause to believe that a left-of-center violation has occurred. *See id.*, ¶¶ 17–19.

752

¶ 20. Thus, because Officer Erickson had probable cause to believe that Puchacz committed a left-of-center violation, he was fully justified in stopping Puchacz. The circuit court did not explicitly decide whether Erickson had probable cause to believe Puchacz had violated a traffic law, instead deciding that the stop was valid because the officer had reasonable suspicion that Puchacz was operating while under the influence of an intoxicant. However, we do not reach whether there was reasonable suspicion for the stop because we affirm on the ground that there was probable cause for the stop. *See Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995) (we may affirm on grounds other than those relied upon by the trial court); *see also Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (if one issue is dispositive, there is no need to address others).

*By the Court.*—Judgment affirmed.