# COURT OF APPEALS
# DECISION
# DATED AND FILED

## April 28, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1119-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2020CT78**

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

EVAN J. SCHNOLL,

   DEFENDANT-APPELLANT.

---

APPEAL from order of the circuit court for Dodge County: BRIAN A. PFITZINGER, Judge. *Affirmed and cause remanded for further proceedings.*

¶1   KLOPPENBURG, J.[1]   Evan Schnoll was charged with operating a motor vehicle while under the influence of an intoxicant (OWI) and operating a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise stated.

motor vehicle with a prohibited alcohol concentration (PAC) after his arrest in January 2020 when he drove his car into a ditch. Each violation was charged as a second offense based on the allegation that a prior California conviction counts as a prior offense under Wisconsin's "OWI/PAC penalty enhancement statute[s]." *See State v. Braunschweig*, 2018 WI 113, ¶¶15-17, 384 Wis. 2d 742, 921 N.W.2d 199 (referring to Wisconsin's "system of increased penalties depending on the number of [prior OWI-related] offenses" as the "OWI/PAC penalty enhancement statute[s]"). Schnoll filed a "motion to determine [the] validity of" the California conviction as a prior offense under Wisconsin law, and the circuit court determined that the conviction counts as a prior offense in this case. The effect of the court's order allowing Schnoll's California conviction to be counted as a prior offense, is to increase his current OWI and PAC charges from first offense civil forfeitures to second offense criminal misdemeanors. *See* WIS. STAT. § 346.65(2)(am)1. (first offense, civil forfeiture) and § 346.65(2)(am)2. (second offense, misdemeanor). Schnoll filed a petition for leave to appeal, which this court granted.

¶2 The gravamen of Schnoll's appeal is that the California conviction does not count as a prior offense because the California statute under which he was convicted does not prohibit driving while intoxicated or with an excessive blood alcohol content or otherwise require the involvement of alcohol. Schnoll also argues that the California conviction does not count because it has been purged from his California record. Finally, Schnoll argues that inaccuracies in his Wisconsin Department of Transportation driving record regarding the California conviction render that record unreliable. I reject Schnoll's arguments and affirm.

2

## BACKGROUND

¶3      The following facts are undisputed.

¶4      Schnoll was arrested in California on November 17, 2010, and subsequently charged with violating CAL. VEH. CODE § 23152(a) and (b) (West 2010), which prohibit driving a vehicle while under the influence of alcohol and driving a vehicle with 0.08 percent or more, by weight, of alcohol in a person's blood, respectively.[2]   CAL. VEH. CODE § 23152(a) and (b).   The complaint was later amended to add a third count of violating CAL. VEH. CODE § 23103.5(a) "as a substitute for" the CAL. VEH. CODE § 23152 offenses.   CAL. VEH. CODE § 23103.5(a).   A CAL. VEH. CODE § 23103.5 charge is commonly referred to in California as a "wet reckless" offense.   *See **People v. Claire***, 229 Cal. App. 3d 647, 650 n.2, 280 Cal. Rptr. 269 (Cal. Ct. App. 1991) (adopting "wet reckless" as the terminology to refer to a plea under CAL. VEH. CODE § 23103.5).[3]   In February 2011, Schnoll entered a plea of *nolo contendere* to the "wet reckless" charge and counts one and two were dismissed.[4]

---

[2] All references to the California Vehicle Code are to the 2010 version unless otherwise noted.

[3] CALIFORNIA VEH. CODE § 23103.5 allows the amendment of a drunk driving charge under CAL. VEH. CODE § 23152 to a reckless driving charge.   While both offenses are misdemeanors as a first offense, a reckless driving conviction carries fewer and less severe penalties than a drunk driving conviction.   *See* CAL. VEH. CODE §§ 23536 (penalties for first violation of CAL. VEH. CODE § 23152) and 23103.5.

[4] A plea of *nolo contendere* "constitutes an implied confession of guilt for the purposes of the case to support a judgment of conviction and in that respect is equivalent to a plea of guilty."   ***Lee v. Wisconsin State Bd. of Dental Exam'rs***, 29 Wis. 2d 330, 334, 139 N.W.2d 61 (1966).

¶5 According to the criminal complaint giving rise to the current case, in January 2020 Scholl was arrested for operating a motor vehicle while intoxicated after driving his car into a ditch. Schnoll consented to an evidentiary chemical test of his blood, which revealed a blood alcohol content (BAC) of 0.204.

¶6 Schnoll was charged with second-offense operating a motor vehicle while under the influence, WIS. STAT. § 346.63(1)(a), and second-offense operating with a prohibited alcohol concentration, § 346.63(1)(b). Each count was charged as a second offense due to the prior California "wet reckless" conviction.[5] Schnoll pled not guilty to these charges.

¶7 Schnoll filed a "motion to determine [the] validity of" the California "wet reckless" conviction as a prior offense, arguing that his "prior BAC conviction reported from California should not be counted as a prior [OWI] offense in this action."

¶8 The circuit court issued an order determining that Schnoll's "California 'Wet Reckless' driving conviction counts as a prior conviction for OWI counting purposes in Wisconsin, pursuant to WIS. STAT. § 343.307(1)."

¶9 This court granted Schnoll's petition for leave to appeal the circuit court's nonfinal order.

---

[5] The criminal complaint, the circuit court order, and the State in its briefing refer to a "2010" California conviction. As stated, in the California case Schnoll was arrested in November 2010 and convicted in February 2011. This discrepancy does not matter to the analysis of the issues on appeal.

**DISCUSSION**

¶10      Schnoll challenges the circuit's order allowing his California "wet reckless" conviction to be counted as a prior offense.  I first present the pertinent standard of review and principles governing statutory interpretation, and the statutory "system of increased penalties" for repeat OWI-related offenses in Wisconsin.  *See Braunschweig*, 384 Wis. 2d 742, ¶15 (referring to Wisconsin's statutory "system of increased penalties" for repeat OWI-related offenses).  I next address the California statutes at issue and explain why their plain language and California case law interpreting them dictate that Schnoll's "wet reckless" conviction is properly counted as a prior offense under Wisconsin law.  I lastly address and reject Schnoll's arguments to the contrary.

**I. Standard of Review and Principles of Statutory Interpretation**

¶11      The issue of whether the California "wet reckless" conviction is properly counted as a prior offense involves the interpretation and application of statutes to undisputed facts, which are questions of law that this court reviews independently.  *See id.*, ¶¶2, 9.

¶12      Wisconsin courts conduct a plain meaning analysis that begins with the statutory language.  *See State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110 ("Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute.  We assume that the legislature's intent is expressed in the statutory language.").  The words used by the legislature are to be given their "common, ordinary, and accepted meaning," *id.*, ¶45, and "that proper grammar and usage would assign them," *State v. Arberry*, 2018 WI 7, ¶19, 379 Wis. 2d 254, 905 N.W.2d 832.  In addition, statutory language must be

interpreted "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Kalal*, 271 Wis. 2d 633, ¶46. "Previous cases construing a statute also become a part of our understanding of a statute's plain meaning." *Meyers v. Bayer AG*, 2007 WI 99, ¶23, 303 Wis. 2d 295, 735 N.W.2d 448. "'If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.'" *Kalal*, 271 Wis. 2d 633, ¶46 (quoting *Bruno v. Milwaukee Cnty.*, 2003 WI 28, ¶20, 260 Wis. 2d 633, 660 N.W.2d 656).

## II. Wisconsin System of Increased Penalties for Repeat OWI-Related Offenses

¶13 Under Wisconsin's penalty scheme for OWI-related convictions, the severity of a defendant's penalty is based on the number of prior OWI-related offenses. *State v. Verhagen*, 2013 WI App 16, ¶18, 346 Wis. 2d 196, 827 N.W.2d 891; WIS. STAT. § 346.65(2)(am)2.-7.

¶14 The penalty for a second-offense OWI is expressed as follows: "if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other *convictions counted under s. 343.307(1) within a 10-year period*, equals 2," the individual shall be fined between $350 and $1,100, and imprisoned between five days and six months. WIS. STAT. § 346.65(2)(am)2. (emphasis added).

¶15 WISCONSIN STAT. § 343.307(1) tells a court what it must count as a prior conviction when applying the increased penalty structure. Relevant here, § 343.307(1)(d) states that the court must count the following when determining the applicable penalty:

6

(d) *Convictions under the law of another jurisdiction that prohibits a person from* refusing chemical testing or *using a motor vehicle while intoxicated* or under the influence of a controlled substance or controlled substance analog, or a combination thereof; with an excess or specified range of alcohol concentration; while under the influence of any drug to a degree that renders the person incapable of safely driving; or while having a detectable amount of a restricted controlled substance in his or her blood, *as those or substantially similar terms are used in that jurisdiction's laws*.

WIS. STAT. § 343.307(1)(d) (emphasis added).

¶16 The word "convictions" in WIS. STAT. § 343.307(1)(d) is defined as "an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal ...." WIS. STAT. § 340.01(9r).[6] The "law of another jurisdiction" in § 343.307(1)(d) refers to those laws that prohibit "both operating while intoxicated and operating when tests show a prohibited alcohol concentration in excess of that permitted by statute." ***State v. Carter***, 2010 WI 132, ¶30, 330 Wis. 2d 1, 794 N.W.2d 213.

¶17 As to the last clause of WIS. STAT. § 343.307(1)(d), "as those or substantially similar terms are used in that jurisdiction's laws," the court in ***State v. Puchacz***, 2010 WI App 30, 323 Wis. 2d 741, 780 N.W.2d 536 explained:

The final phrase of WIS. STAT. § 343.307(1)(d) … indicates the broad scope of para. (d). When determining a penalty, Wisconsin even counts prior offenses committed in states with OWI statutes that differ significantly from our own. "Substantially similar" simply emphasizes that the *out-of-state statute need only prohibit conduct similar to*

---

[6] "The definition of the word 'conviction' in WIS. STAT. § 340.01(9r) applies to the word 'convictions' in [WIS. STAT.] § 343.307(1)(d)." ***State v. Carter***, 2010 WI 132, ¶43, 330 Wis. 2d 1, 794 N.W.2d 213.

*the list of prohibited conduct in § 343.307(1)(d).* This understanding comports with the policy choice of our legislature. Counting offenses committed in other states effectuates the purposes of the drunk driving laws generally.

*Id.*, ¶12 (internal citations omitted) (emphasis added).

### III. Pertinent California Vehicle Code Provisions

¶18 Schnoll was convicted of "wet reckless" under CAL. VEH. CODE § 23103.5(a). CALIFORNIA VEH. CODE § 23103.5 states in pertinent part:

> (a) If the prosecution agrees to a plea of guilty or *nolo contendere* to a charge of a violation of Section 23103 in satisfaction of, or as a substitute for, an original charge of a violation of Section 23152, the prosecution shall state for the record a factual basis for the satisfaction or substitution, including whether or not there had been consumption of an alcoholic beverage or ingestion or administration of a drug, or both, by the defendant in connection with the offense. The statement shall set forth the facts that show whether or not there was a consumption of an alcoholic beverage or the ingestion or administration of a drug by the defendant in connection with the offense.
>
> (b) The court shall advise the defendant, prior to the acceptance of the plea ..., of the consequences of a conviction ... as set forth in subdivision (c).
>
> (c) If the court accepts the defendant's plea of guilty or *nolo contendere* to a charge of a violation of Section 23103 and the prosecutor's statement under subdivision (a) states that there was consumption of an alcoholic beverage or the ingestion or administration of a drug by the defendant in connection with the offense, *the resulting conviction shall be a prior offense* for the purposes of Section[s] 23540, 23546, 23550, 23560, 23566, or 23622 [statutes relating to enhanced punishment for those with prior convictions for driving under the influence].

CAL. VEH. CODE § 23103.5(a)-(c) (emphasis added).

¶19 Evident from its plain language, CAL. VEH. CODE § 23103.5(a) does not prohibit any conduct in itself; rather, as acknowledged by Schnoll in the circuit court, this "wet reckless" statute provides a dispositional alternative to OWI-related charges originally filed under CAL. VEH. CODE § 23152. *See **Claire***, 229 Cal. App. 3d at 649 ("[CAL. VEH. CODE S]ection [23103.5] governs attempts to plea-bargain a charge of driving under the influence of alcohol, in violation of section 23152, into a simple reckless driving charge under section 23103.").

¶20 In other words, a "wet reckless" conviction under CAL. VEH. CODE § 23103.5 relates to a violation of one or more of the OWI-related subsections in CAL. VEH. CODE § 23152, including as pertinent here:

> (a) It is unlawful for a person who is under the influence of any alcoholic beverage … to drive a vehicle.
>
> (b) It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle.

CAL. VEH. CODE § 23152(a), (b).

## IV. Analysis

¶21 The question presented by this appeal is whether Schnoll's "wet reckless" conviction under CAL. VEH. CODE § 23103.5(a), pertaining to violations of CAL. VEH. CODE § 23152(a) and (b), counts as a prior offense under WIS. STAT. § 343.307(1)(d).

¶22 To repeat, WIS. STAT. § 343.307(1)(d) counts as prior offenses: "[c]onvictions under the law of another jurisdiction that prohibits a person from … using a motor vehicle while intoxicated or … [using a motor vehicle] with an excess or specified range of alcohol concentration … as those or substantially

similar terms are used in that jurisdiction's laws." Sec. 343.307(1)(d); *see also Carter*, 330 Wis. 2d 1, ¶30. Under WIS. STAT. § 340.01(9r), a "conviction" within the meaning of WIS. STAT. § 343.307(1)(d) is "an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction ....").

¶23 Pursuant to the statutory structure stated above, Schnoll's "wet reckless" conviction under CAL. VEH. CODE § 23103.5(a) was a "determination" that Schnoll violated one or more of the provisions in CAL. VEH. CODE § 23152. *See* CAL. VEH. CODE § 23103.5(a) (stating that pleas under this section are "in satisfaction of, or as a substitute for," original charges of *violations of CAL. VEH. CODE § 23152*). Specifically, Schnoll's "wet reckless" conviction was a "determination" that he violated CAL. VEH. CODE § 23152(a) and (b), which prohibit a person from driving a vehicle while under the influence of alcohol and driving a vehicle with a BAC of 0.08, respectively. The conduct prohibited in CAL. VEH. CODE § 23152(a) and (b) falls squarely within the prohibited conduct listed in WIS. STAT. § 343.307(1)(d) ("using a motor vehicle while intoxicated or … [using a motor vehicle] with an excess or specified range of alcohol concentration"). *See **Puchacz**,* 323 Wis. 2d 741, ¶12 ("the out-of-state statute need only prohibit conduct similar to the list of prohibited conduct in § 343.307(1)(d)").

¶24 Therefore, Schnoll's "wet reckless" conviction under CAL. VEH. CODE § 23103.5(a), pertaining to violations of CAL. VEH. CODE § 23152(a) and (b), counts as a prior offense under WIS. STAT. § 343.307(1)(d).

## V. Schnoll's Arguments

¶25  Schnoll argues that because CAL. VEH. CODE § 23103.5 "is not an offense that prohibits 'using a motor vehicle while intoxicated … or with an excess or specified range of alcohol concentration,'" WIS. STAT. § 343.307(1)(d), "the California Vehicle Code does not meet the Wisconsin statutory requirement of intoxication or an 'excessive' or 'specified range' of alcohol concentration." However, this argument is refuted by the above analysis of the language of CAL. VEH. CODE § 23103.5 read together with CAL. VEH. CODE § 23152, showing that a "wet reckless" conviction under CAL. VEH. CODE § 23103.5 does involve the prohibition of conduct listed in WIS. STAT. § 343.307(1)(d).[7]

¶26  Schnoll also argues that because California engages in a practice of purging "wet reckless" convictions after seven years, his driving record in California is currently clean and, accordingly, because "California would not pursue a second offense, then neither should Wisconsin." However, Schnoll identifies no basis in Wisconsin law for purging an out-of-state OWI-related offense from a defendant's record. Moreover, even an expunged conviction "remains 'an unvacated adjudication of guilt' and thus, must be counted for purposes of supporting a prior conviction in OWI-related offenses." ***Braunschweig***, 384 Wis. 2d 742, ¶25; *see also* WIS. STAT. § 340.01(9r) (defining

---

[7] Schnoll asserts that "[n]othing in the court record reflects a finding of alcohol consumption," which appears to be a reference to the requirement in CAL. VEH. CODE § 23103.5(a) that, "the prosecution … state for the record a factual basis for the satisfaction or substitution [for an original charge of a violation of CAL. VEH. CODE § 23152], including whether or not there had been consumption of an alcoholic beverage … by the defendant in connection with the offense." However, Schnoll does not explain how the lack of such a statement in the record of the California case negates the above-stated plain language interpretation of the California statutes showing that a "wet reckless" conviction under CAL. VEH. CODE § 23103.5 does count as a prior offense under WIS. STAT. § 343.307(1)(d).

"conviction" as "an unvacated adjudication of guilt."). Schnoll makes no argument that his "purged" California "wet reckless" conviction was vacated so as to fall outside the definition of conviction under Wisconsin law.

¶27 Further, as stated, the penalty for a second-offense violation of WIS. STAT. § 346.63(1)(a), as charged in the current action, is determined by WIS. STAT. § 346.65(2)(am)2. That statute provides the penalty for violations of § 346.63(1) if "the total number of suspensions, revocations, and other convictions counted under s. 343.307(1) within a 10-year period, equals 2, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one." Sec. 346.65(2)(am)2. Under § 346.65(2c), "the time period [in sub. (2)(am)2.] shall be measured from the dates of the refusals or violations that resulted in the revocation or convictions." The violation which led to Schnoll's "wet reckless" conviction under CAL. VEH. CODE § 23103.5(a) occurred on November 17, 2010 and his § 346.63(1) violation which began this current action occurred on January 11, 2020, less than 10 years after the California offense. Thus, the offense counts even if the conviction has been purged.

¶28 Finally, Schnoll makes an argument regarding discrepancies in the Wisconsin records pertaining to the nature and dates of his California "wet reckless" conviction. Specifically, he notes that his Wisconsin Department of Transportation driving record reports a "BAC Conviction" with a date of December 18, 2010, but he was convicted of the "wet reckless" offense under CAL. VEH. CODE § 23103.5 on February 2, 2011. Schnoll argues that because the Department of Transportation record incorrectly states the nature and date of the California "wet reckless" conviction, the record is inaccurate and unreliable to prove his prior conviction.

¶29    However, this discrepancy in the Department of Transportation record is irrelevant because Schnoll does not dispute that he was arrested and convicted under CAL. VEH. CODE § 23103.5 for violations of CAL. VEH. CODE § 23152(a) and (b) within ten years of his arrest in the current case.

¶30    Further, as Schnoll notes in his reply brief, the December 18, 2010, "conviction" date is likely the date that his license was suspended. *See Gikas v. Zolin*, 6 Cal. 4th 841, 846, 863 P.2d 745 (Cal. 1993) (explaining California's "administrative per se" laws providing for the suspension of a person's driver's license after an arrest for driving under the influence, prior to conviction). Indeed, the Wisconsin Department of Transportation record indicates that the December 18, 2010, "conviction" was actually a suspension for "excessive blood alcohol level." Schnoll then asserts that "[a]dministrative suspensions are not 'convictions' falling within the purview of WIS. STAT. § 343.307." However, Schnoll cites no legal authority for this assertion, and the law is to the contrary. *See Carter*, 330 Wis. 2d 1, ¶¶51-56 (concluding that an administrative suspension following a violation of Illinois's "zero tolerance" law, "punish[ing] a person who is less than 21 years of age for refusing to submit to a chemical test, or for using a motor vehicle with an alcohol concentration above 0.00[,]" is a conviction within the meaning of WIS. STAT. §§ 340.01(9r) and 343.307(1)(d)); *State v. Jackson*, 2014 WI App 50, ¶¶4, 12, 354 Wis. 2d 99, 851 N.W.2d 465 (concluding that an Illinois statutory summary suspension following a citation for OWI and PAC "counts as a prior conviction under WIS. STAT. § 343.307(1)").[8]

---

[8] Regardless, as Schnoll's "wet reckless" conviction and his administrative suspension both arose out of the November 2010 incident, they are counted as one conviction under WIS. STAT. § 346.65(2)(am)2.-7. (stating "suspensions, revocations, or convictions *arising out of the same incident or occurrence shall be counted as one*." (emphasis added)).

**CONCLUSION**

¶31     For the reasons set forth above, I conclude that the circuit court properly determined that Schnoll's "wet reckless" conviction under Cal. Veh. Code § 23103.5 counts as a prior offense under Wis. Stat. § 343.307(1)(d). Accordingly, I affirm and remand for further proceedings.

*By the Court.*—Order affirmed and cause remanded for further proceedings.

This opinion will not be published.     *See* Wis. Stat. Rule 809.23(1)(b)4.